810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George BOMBORIS, Respondent,
v.
The YOUGHIOGHENY AND OHIO COAL COMPANY, Employer-Petitioner,
Benefits Review Board, Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Party-In-Interest
 No. 85-4080.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1986.
 
 Before MARTIN, MILBURN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Youghiogheny and Ohio Coal Company appeals the decision of the Benefits Review Board of the United States Department of Labor granting George Bomboris black lung benefits as of January 1, 1980, instead of February 23, 1983, the date determined by the administrative law judge. The coal company argues that the administrative law judge's decision as to the starting date for benefits is supported by substantial evidence and should not be disturbed. For the reasons set out below we find that the decision of the administrative law judge was erroneous and that the Benefits Review Board appropriately amended his decision so as to award Bomboris benefits effective January 1980, the date he filed his claim.
 
 
 2
 George Bomboris, a coal miner for thirty-five years, filed an application for black lung benefits in January 1980. In March he was examined by Dr. DelVecchio for the Department of Labor in connection with his claim. Dr. DelVecchio conducted a physical examination, took a chest X-ray, tested pulmonary function, and made an arterial blood gas analysis. He diagnosed Bomboris as having mild pneumoconiosis. In May 1980, the Department of Labor determined that Bomboris had become totally disabled because of pneumoconiosis as of the date he filed his claim and awarded him benefits effective January 1, 1980.
 
 
 3
 Bomboris was subsequently examined by Dr. Kress in September 1980 and by Dr. Daneshvari in February 1983. In March 1983, his case was heard by an administrative law judge who found Bomboris to be disabled because of pneumoconiosis; however, the administrative law judge ruled that Bomboris did not become disabled until February 1983. The Benefits Review Board in November 1985 upheld the administrative law judge's finding of disability but determined he incorrectly fixed the date of onset. The Board's decision to reinstate January 1, 1980, as the onset date is the subject of this appeal.
 
 
 4
 The method for determining the starting date for benefits is found in 20 C.F.R. § 725.503(b). The regulations provide that
 
 
 5
 [i]n the case of a miner who is totally disabled due to pneumoconiosis, benefits are payable to such miner beginning with the month of onset of total disability. Where the evidence does not establish the month of onset, benefits shall be payable to such miner beginning with the month during which the claim was filed, or the month during which the claimant elected review under Part 727 of this subchapter.
 
 
 6
 The administrative law judge, after reviewing the evidence in the record, concluded that Bomboris became disabled as of February 23, 1983, the date of Dr. Daneshvari's report. This decision must be sustained by the Benefits Review Board if it is "supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(3). We find that the Board correctly determined that there was insufficient evidence in the record to link Bomboris' date of total disability to the date of his examination by Dr. Daneshvari. Because the available evidence failed to establish the particular month of onset, the Board appropriately awarded Bomboris benefits as of the date he filed his claim.
 
 
 7
 Bomboris was the subject of a series of examinations to determine the extent of his physical debility. In addition to the examination by Dr. DelVecchio immediately following his application for benefits, Bomboris was examined by Dr. Kress in September 1980 and Dr. Daneshvari in February 1983. All of the examinations included blood gas and pulmonary function tests, x-rays, and general physical examinations. The three physicians diagnosed Bomboris as having pneumoconiosis. Dr. DelVecchio's report to the Department of Labor did not expressly comment on Bomboris' level of disability, Dr. Kress stated by deposition that Bomboris was not totally disabled at the time of his examination in September 1980, and Dr. Daneshvari found him totally disabled as a result of pneumoconiosis and age.
 
 
 8
 The administrative law judge relied on Dr. Daneshvari's findings to conclude that Bomboris became totally disabled on February 23, 1983, the date of Dr. Daneshvari's examination. Obviously, what the administrative law judge meant by this statement is that Bomboris was in fact totally disabled by black lung at that time, not that he became totally disabled while sitting in the doctor's office. There is no evidence in the record to support a finding that Bomboris became totally disabled from pneumoconiosis in February 1983. In fact, the record contains no evidence to pinpoint when Bomboris became totally disabled. Thus, the regulations provide that when the actual month of onset cannot be established, the starting date for benefits coincides with the month the claim was filed. The Board properly amended the decision of the administrative law judge to reflect this statutory directive.